**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7692

TRACEY TERRELL GRADY,

Plaintiff - Appellant,

v.

KRISTIE B. BRAYBOY, Superintendent, Hoke Correctional Institution; TAMMY
SUE LOCKAMY, Head Nurse, Hoke Correctional Institution; NURSE SMITH;
NURSE CORDEIRO; KENNETH LASSITER,

Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro.  Catherine C. Eagles, District Judge.  (1:18-cv-00777-CCE-LPA)

Submitted:  May 20, 2021                          Decided:  May 24, 2021

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tracey Terrell Grady, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracey Terrell Grady, a North Carolina inmate, seeks to appeal the district court's orders (1) adopting the magistrate judge's recommendation and dismissing without prejudice Grady's civil rights action for failure to exhaust his administrative remedies; and (2) denying Grady's Fed. R. Civ. P. 59(e) motion to alter or amend judgment. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its text order denying Grady's Rule 59(e) motion on January 17, 2020. Grady filed the notice of appeal on November 3, 2020.[*] Because Grady failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal for lack of jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Grady could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).